UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| Ora Price | * | Civil Action: | **16-17910** |
| | * | | |
| Versus | * | Section: | |
| | * | | |
| United States Government | * | Magistrate: | **SECT. N MAG 2** |
| Department of Housing and Urban Development, | * | | |
| Officially | * | | |
| Housing Authority of New Orleans, | * | | |
| Officially | * | | |
| Kevin Oufnac, in his capacity as General Counsel | * | | |
| for Housing Authority of New Orleans, personally | * | | |
| Desire Area Resident Council, officially | * | | |
| Kathleen Matthew, officially | * | | |
| Bonnie Rogers, officially | * | | |
| Treasure Village Michael's Group, Corporation | * | | |
| Officially | * | | |
| Interstate Realty Management Company, | * | | |
| Officially | * | | |
| First Choice Security, Inc., | * | | |
| Officially | * | | |
| Veronica E. Henry | * | | |
| Personally | * | | |
| James Ryan III & Associates, LLC, | * | | |
| Officially | * | | |
| James Ryan III, | * | | |
| Personally | * | | |
| Timothy T. Roniger, | * | | |
| In his capacity as staff attorney for James Ryan III | * | | |
| & Associates, LLC and personally | * | | |
| Jeffrey A. Clayman, in his capacity as staff attorney | * | | |
| For James Ryan III & Associates, LLC, personally | * | | |
| | * | | |
| FILED:_____, 2016 | * | | |
| | * | | _____ |
| | | | CLERK OF COURT |

## PETITION FOR DAMAGES AND REQUEST FOR TRIAL BY JURY

I.

JURISDICTIONAL STATEMENT

1.  The jurisdictional authority of the federal court is invoked pursuant to U.S. Constitution Article III § 2 clause 1, as this case or controversy involves contract contravention. Jurisdiction is further invoked pursuant to 28 U.S.C. §§§ 1331, 1343 and 1367 as it relates to violations of the U.S. Constitution, Federal Civil Rights and State Statutory claims.

II.

VENUE

2.  Venue is proper pursuant to 28 U.S.C. § 1391, as the events complained of this civil action occurred within the Judicial District of the Eastern District of Louisiana.

III.

PARTIES

3.  Ora Price is a person of full age of majority, and domicile in the Parish of Orleans.

4.  United States Government is the federal government for the republic of fifty states with jurisdiction over all states.

5.  United States Department of Housing and Urban Development is a federal agency of the United States.

6.  Housing Authority of New Orleans is a public housing agency of the United States and a political subdivision of the state of Louisiana.

7.  Desire Area Resident Council is a non-profit organization authorized and doing business in the state of Louisiana on behalf of residents of former Desire development.

8.  Kathleen Matthews is the President of Desire Area Resident Council.

9.  Bonnie Rogers is the former President and current member of Desire Area Resident Council.

10. Treasure-Village Michaels Corporation is a foreign corporation in Marlton, New Jersey authorized by and doing business in the state of Louisiana.

11. Interstate Realty Management Company is a foreign corporation, managing agent of Housing Authority of New Orleans and Treasure-Village Michaels Corporation authorized and doing business in the state of Louisiana.

12. First Choice Security, Inc. is a domestic corporation contracted by Housing Authority of New Orleans to provide security services at former Desire development known as the Estates New Orleans.

13. James Ryan III & Associates, LLC is a legal corporation authorized and doing business in the state of Louisiana.

14. James Ryan III is a person of full age of majority and owner of James Ryan III & Associates, LLC.

15. Timothy T. Rainer is a person of full age of majority and staff attorney for James Ryan & Associates, LLC.

16. Jeffrey A. Clayman is a person of full age of majority, former staff attorney for James Ryan III, and staff attorney for Phelps Dunbar.

17. Veronica E. Henry is a person of full age of majority, and domicile in the Parish of Orleans.

## NATURE OF THIS ACTION

18. This action is being brought to redress Breach of contract both civilly and criminally pursuant to a Memorandum of Understanding, FRCP Rule 23 class action and compromise and settlement agreement, 28 U.S.C. § 1346(b), violation of U.S. Constitution 1st, 4th, 14th, Civil and Criminal Conspiracy pursuant to 42 U.S.C. 1437 et

seq., 42 U.S.C. §§§1983, 1985(3) and 1986, 42 U.S.C. § 12101 et seq., 21 U.S.C. § 801,

et seq., Illegal Conversion of public housing status, Wrongful eviction, Whistle Blowers

Act, Falsification of Evidence, Retaliation, Harassment, Continuing Tort, Louisiana civil

codes articles 1953, 2298, 2315, 2316 and 2320. Louisiana code of civil procedure

articles 1201, 2002 and 3499. Abuse of Process, Gross Negligence, Intentional

Negligence, Intentional Infliction of Emotional Distress, Loss of Enjoyment of Life,

Theft and abuse of elderly property. Doctrine of Equitable Estoppel and Doctrine of

Contra Non-valentem. This case is justified in accordance with 28 U.S.C. § 1738, Full

Faith and Credit Act.

IV.

STATEMENT OF THE CASE

19. Plaintiff, Ora Price was a lifetime resident of the development formerly known as Desire.

20. During her tenure of residency and execution of a Memorandum of Understanding,
    plaintiff family composition included her three sons Stanley, Leonard and Darryl Price.

21. Plaintiff, son, Stanley Price worked in the Force Account program as a Lead Abatement
    Technician, and was appointed Supervisor to train resident employees in abatement,
    encapsulation and enclosure in hazardous conditions.

22. In 1998, plaintiff son, Stanley Price instituted a Fair Labor practice inter alia, against
    Housing Authority of New Orleans because he was paid $7.00 per hour as a supervisor
    while resident employees under his supervisor were paid $10.00 per hour.

23. The lawsuit concluded in a compromise and settlement agreement in the amount of
    $6,000.00 dollar in Judge Lance M. Affrick division.

24. Plaintiff son, Stanley and Leonard Price completed the Business Development and Management Training program prerequisite for qualifying for Resident Loan funds and contract opportunities with Housing Authority of New Orleans, who, made applications for loan and inquiries for contracts but were deprived and denied loan and contract opportunities by Housing Authority of New Orleans and Resident Loan Department.

25. Plaintiff served as a Desire Area Resident Council member and officer for over forty years.

26. Plaintiff and her son, Stanley Price served as a class representative in a class action lawsuit on behalf of Desire residents pursuant to FRCP Rule 23, Desire Area Resident Council vs. Housing Authority of New Orleans in the United States District Court for the Eastern District of Louisiana bearing case no. 2:01-cv- 3156 c/w 3180. See Exhibit A.

27. Defendant, U.S. Department of Housing and Urban Development ( hereinafter referred to as HUD ), classified and qualified former Desire as a severely distressed public housing development eligible for Hope VI Revitalization grant.

28. HUD allocated $44,000,000.00 dollars for the revitalization of Desire development with components Relocation plan, Rehousing plan, Management plan, Section 3 business, Community Supportive Services to improve the quality of life for residents of Desire.

29. Defendant, HUD pursuant to 42 U.S.C. § 3535(d) delegated its authority sanctioning a Memorandum of Understanding between Desire Area Resident Council and Housing Authority of New Orleans on June 14, 1996. See Exhibit B.

30. The Memorandum of Understanding stipulated provisioned mandatory duties for implementation of the revitalization program. Res Ipsa Loquitar.

31. Five years elapsed with Housing Authority of New Orleans failing to comply with the terms and conditions of the Memorandum of Understanding.

32. Desire Area Resident Council hired Stanley Price as a legal liaison to solicit legal representation to institute a class action lawsuit. See Exhibit C.

33. The class action lawsuit concluded in a compromise and settlement agreement in a sum of $3,000,000.00 dollars for specific purposes. See Exhibit D.

34. HUD placed Housing Authority of New Orleans in Administrative Receiver for violation of Annual Contribution Contract.

35. HUD appointed over 14 Administrative Receivers, who all failed to enforce / implement terms and conditions of the Memorandum of Understanding in implementation and regulation of Hope VI revitalization grant at Desire.

36. HUD field officers and Office of Inspector General had a duty to monitor and evaluate the performance of Housing Authority of New Orleans, but failed to do so and take corrective action.

37. Housing Authority of New Orleans ( hereinafter referred to as HANO ) have departure from the terms and conditions stipulated in the Memorandum of Understanding and compromise and settlement agreement by failing to enforce and implement specified programs designed to assist resident in becoming self-sufficient for a period of 20 years.

38. Public housing tenants have been oppressed by the methods of operation intentional negligence HANO to provide entitled rights and benefits necessary for achievement of self-sufficiency.

39. HANO procured Michaels Group, Inc. as contractor for development of the revitalized Desire without formulating a resident committed comprised of 51% residents to select developers, managers etc. as obligated in the Memorandum of Understanding.

40. In fact, HANO intentionally failed to fulfill its obligation to residents of former Desire in implementation and regulation of Hope VI for over 20 years.

41. Plaintiff contends that, each and every aspect of the Memorandum of Understanding have been breach for a period of twenty years causing harm to her personally, her family composition and residents of the community.

42. In 2007, plaintiff son, Stanley Price opt out of the class action electing to file a civil action against HANO to preserve and pursue his individual rights because of fraudulent misrepresentations of class counsel to the federal court that residents had received 90% majority of benefits entitled to in exchange for $150,000.00 in attorney fees.

43. In 2008, HANO, without cause or right of action, instituted an eviction proceeding in First City Court against plaintiff and other residents for attempting to exercise their rights in accordance with the Memorandum of Understanding that resulted in a consent judgment between residents and HANO.

44. HANO illegally converted her public housing resident status to Private residence without her knowledge or approval in 2008 in violation of the relocation plan and federal civil rights pursuant to 42 U.S.C. § 1437 et seq.

45. Plaintiff contends that, HANO deprived and denied her of her property right and interest in her public housing unit simultaneously of her entitled benefits in connection with the Memorandum of Understanding and compromise and settlement agreement.

46. Ascertained during the proceedings, HANO removed Stanley Price from the lease without the knowledge or approval of plaintiff, and without evidence of a change in family composition form required prior to removal of a resident from a lease. See Exhibit E.

47. HUD authorized Louisiana Department of Justice to investigate the complaint of Stanley Price.

48. Michael Toussaint investigated the complaint, and determined Stanley Price was visiting with his grandmother Ora Price recommending a conciliation agreement with HANO that was refused.

49. Judge Mary Ann Vial Lemmon, 2:07-cv-9741, Stanley Price vs. Housing Authority of New Orleans, rendered a subjective opinion without presentation or argument from opposing counsel, that Stanley Price moved out before he was notified by Housing Authority of New Orleans without a change of family composition form.

50. Plaintiff son, Stanley Price sought redress of the unconstitutional rulings by Judge Lemmon which was denied by Judge Lance M. Affrick with knowledge of contravention of her son constitutional and civil rights.

51. HANO channeled funds from the $3,000,000.00 settlement through Desire Resource Center incorporated by members of the Desire Area Resident Council, and employment opportunities without affording opportunity to more qualified residential candidates.

52. HANO approved and paid consultant fees from the settlement funds to an attorney at a rate of $22,000.00 per-month for consultation services which were never rendered.

53. HUD allocated $2,000,000.00 for reconstruction of Desire Community Center, that HANO failed to reconstruct.

54. HANO illegally procured Michaels Group, Inc. principal corporation of Treasure-Village, Associates, LP as developers of former Desire in violation of the Memorandum of Understanding.

55. HANO contracted Interstate Realty Management Company as its agent to manage public housing assisted units in the Estates in accordance with Code of Federal Regulations as public housing units, but they failed to do so.

56. Desire Area Resident Council in its representative capacity on behalf of residents failed to perform its fiduciary duties on behalf of Ora Price and her family composition from the scandalous invasion of her privacy and tenant rights during eviction proceedings.

57. Desire Area Resident Council with the knowledge of the falsifications against a member of the Board failed to take corrective actions on behalf of plaintiff.

58. Desire Area Resident Council received a $3,000,000.00 settlement award on behalf of residents, but failed to expend the funds in accordance with its designated purpose.

59. Desire Area Resident Council members utilized funds from the settlement to enhance themselves personally in violation of its designated purpose.

60. As the Association for representing issues of residents with the management agent to ensure compliance with HUD requirements, their omissions constitute a breach of agreement.

61. Desire Area Resident Council, notwithstanding the Memorandum of Understanding, since the compromise and settlement of the class action has neglected their duties and responsibilities.

62. Plaintiff in her residential capacity was entitled to the protection of the Association, they failed to intercede on her behalf.

63. Kathleen Matthews is the current president of the Association, and employed by Housing Authority of New Orleans.

64. Bonnie Rogers is the former president, who obtained gainful employment through the Desire Resource Center as a social worker without competing for the position.

65. The officer and former officer of Desire Area Resident Council engaged in illicit activities with HANO and management in commission and omission in contravention to resident's right and their duty and responsibility.

66. In fact, HANO has failed to host election for selection of members and officers of Desire Area Resident Council for over twenty (20) years in violation of Code of Federal Regulation and law.

67. Current officers and members have been allowed to function officially in contravention of law since 2013.

68. Treasure-Village, Michaels contracted Interstate Realty Management Company as its Managing Agent to manage their private owned units in the Estates.

69. The Estates is comprised of four communities namely Savoy I and Savoy II, Abundance Square Apartments and Treasure-Village Apartments.

70. Plaintiff resided in Treasure-Village Apartment in unit 29 at 3110 Edith Weston Place, New Orleans, Louisiana 70126.

71. Plaintiff renewed her lease agreement on December 7, 2010.

72. Calisha Jolla, Site Manager for Interstate Realty Management Company, on December 10, 2010, sent a **Notice of Infraction** fabricated charges against plaintiff with violation of 21 U.S.C. § 102 of the Control Substance Act alleging she possessed and distribute illegal drugs and guns in her unit. See Exhibit H.

73. Interstate Realty Management Company or any of its agents or employees never conducted an inspection, search the premises located at 3110 Edith Weston Place or found any illegal drugs of gun in the unit leased by Ora Price.

74. The notice of proposed adverse action by the Site Manager violates VIII $\pi$ (h) and (h)(1) of the lease.

75. Ms. Jolla fabricated plaintiff's grandson Leroy Price committed criminal acts on the premises causing police action on the premises, and demanded a mandatory conference.

76. On January 4, 2011, Jolla sent a **Notice to Vacate** for alleged crimes in violation of Control Substance Abuse Act having drugs and guns in her unit. See Exhibit I.

77. On January 6, 2011, plaintiff, in accordance with 24 CFR part 966.50 et seq., filed a request for a grievance procedure, but was denied by the Site Manager for Interstate Realty Management on behalf of Treasure-Village Michaels Group, Corporation. See Exhibit J.

78. Plaintiff contends that, all defendant parties conduct constitutes an abuse of elderly and discriminated agent a member of her family composition with disability.

79. Plaintiff instituted a civil action in federal court to prevent the anticipated wrongful eviction and false criminal charges against her and family.

80. Interstate Realty Management Company hired James Ryan III & Associates, LLC as their legal representative to provide defense litigation.

81. Defendant, James Ryan III filed frivolous pleading of affirmative defenses consisting of fraudulent misrepresentations relative to criminal acts committed by Ora Price occupancy of her unit.

82. Judge Carl Barbier, influenced by deception and friviolity, dismissed plaintiff's claims on grounds of FRCP Rules 12(b)(1) and (6), renouncing cognizance of federal court jurisdiction of contract disputes as common law.

83. The federal judge denied the plaintiffs constitutional right to litigate and adjudicate their federal question and civil rights action for a lack of subject matter jurisdiction, and granted defendants pleading of failure to state a claim upon which relief may be granted.

84. FRCP Rule 12(b)(6) is a judgment on the merits which only can be determined if the federal court acknowledges jurisdiction, but contradictory in the previous civil action filed by plaintiff and her family composition.

85. Plaintiff's U.S. Constitutional 1st, 5th and 7th Amendment guarantees their right to access to the court and due process and trial by jury were contravened by the federal judiciary.

86. The Fifth Circuit Court of Appeal affirmed the district court's dismissal **without prejudice** contrary to the facts, law and evidence of the case.


87. Subsequently, HANO, Treasure-Village Michaels Group Corporation in commission and in omission sanctioned Interstate Realty Management Company to authorize James Ryan III & Associates, LLC to institute eviction proceeding unrelated to the specified grounds for terminating plaintiff's lease agreement.

88. HANO has a fiduciary duty to monitor and evaluate the performance of private developers to ensure compliance in accordance with the Regulatory and Operating Agreement and Code of Federal Regulations in its operation of public assisted housing in at the Estates.

89. HANO has a fiduciary duty to public housing tenants, who are members of the class action lawsuit as plaintiff, but failed to do so.

90. On May 20, 2011, Interstate Realty Management Company through their attorney of record James Ryan III & Associates, LLC, staff attorneys James Ryan III, Timothy T. Roniger and Jeffrey A. Clayman filed a Rule to Evict alleging violation of their lease agreement particularly for unauthorized persons living in her unit as a "One Strike Policy" instead of Section IX and XIV of the lease agreement. See Exhibit K.

91. Judge Veronica E. Henry assumed jurisdiction over the subject matter in First City Court for the Parish of Orleans, case no. 2011-01386, but deprived and denied plaintiff's attorney to litigate and adjudicate their federal question and exceptions in reconventional demand. See Exhibit L.

92. Plaintiff contends that, Judge Veronica E. Henry lacked all jurisdictional authority to hear and adjudicate the claims asserted by James Ryan III, his staff and Interstate Realty Management Company considering the Notice of Infraction, and ignored the charges sanctioning illicit action of defendants.

93. Plaintiff, counsel of record, filed exceptions to their Rule to Evict and Reconventional demand, but Judge Veronica E. Henry failed to allow counsel to present the Prices case.

94. Judge Veronica E. Henry and James Ryan III conducted ex parte meeting regarding the Prices federal case in open court in the presence of attorney Deidre K. Peterson, who informed them of their violation of professional codes of conduct to engage in such activity.

95. There is not a scintilla of evidence to prove the specific grounds for the termination of plaintiff lease.

96. The Rule to Evict filed by defendants is a product of fictitious, fabricated, scandalous concoction of a sinister subterfuge created and instituted unlawfully and by unlawful methods. See Exhibit M, eviction transcript.

97. Plaintiff never received notice of the charges filed by James Ryan III and his staff on behalf of Interstate Realty Management Company in violation of Louisiana code of civil procedure article 1201.

98. Under Louisiana civil code article 2001. vitiates judgments obtained by vices of form and substance.

99. Plaintiff contends that, FRCP Rule 60(b)(3)(4) and (6) justifies any previous judgments in this court for the fraudulent, dishonest / lack of candor and fraud on the court committed by James Ryan III, his staff attorneys, Interstate Realty Management Company and HANO for failure to prevent such civil and criminal violations against plaintiff.

100.    In seeking the truth, plaintiff requests the court analyzes N.O.P.D. report, First Choice Security report, James Ryan III Rule to Evict and trial transcript in support of variations, inconsistencies and contradictions in support of claims of fraud, fraud on the court and perjury.

101.    Veronica E. Henry granted judgment, authorized James Ryan III and Interstate Realty Management Company to remove plaintiff's money from the register of the court, and then recused herself from the case.

102.    James Ryan III and his staff attorneys on behalf of Interstate Realty Management Company fabricated and fraudulently misrepresented that, Oneal and Leroy Price resided

at 3110 Edith Weston Place without approval and were involved in drug-and gang related shooting on December 5, 2010.

103.     Plaintiff avers that, this is not a scintilla of evidence that supports the fraudulent claims asserted against her.

104.     James Ryan III and his staff solicit testimony of Robin Maxfield, District Manager for Interstate Realty Management Company and Kevin Johnson of First Choice Security, Inc. to falsely testify without a single note, document or report to support their testimony.

105.     Joseph Hensley testified under oath that, he had no knowledge of Leroy Price.

106.      Robin Maxfield testified under oath that, she had no knowledge if Leroy or Oneal Price lived in the unit occupied or leased by Ora Price.

107.     Kevin Johnson testified under oath that, he had no knowledge of Leroy Price living in the unit occupied or leased by Ora Price.

108.      Robin Maxfiled with the approval of Treasure-Village Michaels Group Corporation, Interstate Realty Management Company, HANO instituted an eviction proceeding for unauthorized persons living in the unit without prior approval without knowledge of whether unauthorized persons were living in the unit.

109.     Interstate Realty Management Company and James Ryan III and staff attorneys falsified evidence against plaintiff in order to obtain jurisdiction in state court proceedings.

110.     Robin Maxfield falsified evidence that, she observed Leroy and Oneal Price in the early morning and late in the evening entering the unit occupied by plaintiff without a single report or document of the date and time of the events.

111.     Defendants failed to notify plaintiff of the specific grounds or afford her an opportunity to be heard prior to instituting eviction procedures in violation of her constitutional rights.

112.     Prior to institution of eviction proceedings, Neither Interstate Realty Management Company or the managers or legal representative, Nor HANO or its security contractor provided them with evidence of any crimes or allowed plaintiff to confront her accusers in violation of her constitutional fundamental rights.

113.     Interstate Realty Management Company and their managers and staff concealed or failed to disclose any evidence establishing criminal activities of plaintiff or her family composition.

114.     In order to circumvent mandatory regulation, Interstate Realty Management Company, James Ryan III & Associates, LLC and its staff attorneys assigned culpability of criminal activities on the premises to plaintiff relative, who did not live in the unit to file frivolous petition against plaintiff.

115.     Judge Veronica E. Henry sanctioned defendants to take actions prohibited by the U.S. Constitution and federal statutes, and therefore should not have the benefit of protection of judicial immunity.

116.     Judge Henry recusal of herself from the state court proceedings is an indication that, she lacked was disqualified from hearing and deciding eviction proceedings because of an undisclosed interest or inability to remain impartial and fair in violation of plaintiff fundamental right under the U.S. Constitution.

117.    First Choice Security, Inc., in its capacity as security contractor for HANO falsified their incident report of the events involving the shooting at the Estates on December 5, 2010, and used it as evidence to evict plaintiff.

118.    Kevin Johnson was a former N.O.P.D. officer for ten (10) years, who testified under oath that, he observed criminal activities being committed by Leroy and Oneal Price in the early morning and late at night for several months on the premises at the unit occupied by plaintiff, but failed to file one report, document to N.O.P.D., HANO or Interstate Realty Management Company of any of the criminal acts.

119.    There is no evidence of his payroll register to evaluate the dates he claimed he worked all day and night to observe.

120.    The evidence proffered by Kevin Johnson during eviction proceeding against plaintiff constitutes parole evidence and hearsay without supportive documentation.

121.    Defendant, Kevin Oufnac, who is presently the General Counsel for the Housing Authority of New Orleans (HANO), in his capacity as staff counsel and subsequent HANO's illegal conversion of plaintiff residential status from public housing conspired with Interstate Realty Management Company to select and qualify her as a tenant based assistant applicant without consent or knowledge.

122.    HANO and Interstate Realty Management Company concealed documentation in their possession, custody and control with probative value to plaintiff's claims.

123.     HANO never notified plaintiff of any such changes to her status, and grossly neglected to rectify her status adverse to her rights and benefits in the M.O.U., compromise and settlement agreement, federal statute, state statute and U.S. Constitution.

124.     HANO had a fiduciary duty to plaintiff, but grossly neglected to fulfill its obligation under the M.O.U. and compromise and settlement agreement in connection with HOPE VI Revitalization at former Desire.

125.     Kevin Oufnac in his representative capacity for HANO filed affirmative defenses against plaintiff as a Section 8 Voucher participant under the HAP contract program.

126.     Plaintiff contends that, HANO has a paradigm of authorizing and sanctioning illegal eviction filed by James Ryan III & Associates, LLC on behalf of Interstate Realty Management Company agent for Michaels Group, Incorporation.

127.     HANO from the inception of plaintiff exercising her rights under the terms and conditions stipulated in the Memorandum of Understanding and class action representative has sought to evict her multiple times, denied and deprived her family composition from participation in the Hope VI program, illegally removed members of her family composition and circumvented her liberty and rights.

128.     Plaintiff contends that, resident's family members, who were victims of crimes, no action was taken against them by HANO nor its managing agents.

129.     Instituting eviction proceeding against victims is a violation of federal law.

130.     HANO security guards, James Ryan III & Associates, LLC, Interstate Realty Management Company falsified evidence in order to evict plaintiff.

131.     Plaintiff contends that, HANO with the assistance of the managing agent conduct constitutes a continuing violation of her constitutional, federal statutory rights and code of federal regulation violations.

132.     All defendant parties were operating under color of state law prior to and subsequent eviction proceedings.

133.     HANO consistently utilizes its security forces to violate tenants lease agreements and rights.

134.     Plaintiff contends that, discriminated against her because of her elderly status and disabled family members in transferring her public housing status and placing her under some form of private control.

135.     HANO operations towards plaintiff are harassing in nature.

136.     HANO operations towards plaintiff are retaliatory in nature.

137.     Plaintiff suffered intentional emotional distress as a result of the commissions and omissions of HANO, and defendant parties.

138.     Plaintiff contends that, she suffered mental anguish as a result of defendants commissions and omissions.

139.     Plaintiff has been traumatized by the malicious and illicit actions and inactions of defendant parties.

140.    Plaintiff contends that, acts of the attorneys violated professional code of conduct and ethics governing lawyers by their practices in state and federal courts.

141.    Plaintiff contends that, her complaint is amendable and as such should preclude avoidance and evasiveness by defendants protracting or increasing the litany of these proceedings with masquerading affirmative defenses without consequences.

142.    The laws of the United States and State of Louisiana prohibits elderly and handicapped abuse of citizens, but failed to defer defendants from their illicit actions and inactions.

143.    HANO and Kevin Oufnac had the authority to prevent the actions and inactions against plaintiff, but failed to do so.

144.    HANO and Kevin Oufnac in their actions and inactions willfully participated in the scheme of their developers and managing agents in depriving and denying plaintiff of her constitutional, federal and state statutory rights while in violation of code of federal regulations.

145.    Plaintiff has been deprived and denied her right to access to court to litigate and adjudicate her claims because of the deceptive illicit practices of all defendant parties.

146.    HANO intentionally and grossly failed to adhere and heed their obligations and duties to ensure compliance of their developers and managing agents with the code of federal regulations promulgated by HUD.

147.     Plaintiff reputation and good name was defamed by the slanderous, criminal, immoral, unscrupulous and illegal behavior of defendant parties.

148.     These are facts of the case, inter alia, and as such are undisputable and irrefutable.

I.

### PLAINTIFF FIRST CAUSE OF ACTION BREACH OF CONTRACT

Notwithstanding plaintiff's residential status, tenant and class action representative status, she and her family composition has been deprived and denied their rights and interests of the terms and conditions stipulated in the Memorandum of Understanding executed on June 14, 1996 and compromise and settlement agreement reached in USDC, EDLA, Desire Area Resident Council vs. Housing Authority of New Orleans, 2:01-cv-3156 c/w 3180 pursuant to FRCP Rule 23.

Housing Authority of New Orleans has intentionally breached their obligation for over a twenty-year period by failing to provide the benefits to plaintiff and her family composition, failed to monitor and evaluate their developers and managing agents for compliance with the Regulatory and Operating agreement and Management agreement.

The Memorandum of Understanding as the controlling document in the Hope VI Revitalization of former Desire, HUD Administrative Receivers, HANO, Treasure-Village Michaels Corporation, Interstate Realty Management Company departure from standard requisite of implementation, failed to do so for over twenty (20) years in providing plaintiff and her family composition's rights.

The commissions and omissions of all defendant parties constitutes a breach of contract and civil and criminal tort.

II.

SECOND CAUSE OF ACTION

Under Federal Tort Claims Act, 28 U.S.C. § 1346(b), United States Government is liable for the commissions and omissions of United States Housing and Urban Development, appointed Administrative Receivers, and Housing Authority of New Orleans in violation of plaintiff's right in regards to Hope VI revitalization.

III.

THIRD CAUSE OF ACTION

Plaintiff wrongful eviction claim ensues from her status as a public housing tenant, who residential status was illegally changed to private resident by the HANO and Interstate Realty Management on behalf of Treasure-Village, Michaels Corporation. Interstate Realty Management Company issued **Notice of Infraction and Notice to Vacate** predicated on section 102 of the Control Substance Act, 21 U.S.C. § 801 et seq. terminating plaintiff's lease agreement, and change the charges pursuant to Louisiana code of civil procedure article 4701 alleging unauthorized persons living in the unit to obtain jurisdiction in First City Court.

Neither HANO nor Desire Area Resident Council intervened on behalf of plaintiff as a public housing resident or member of the Association. There is not a scintilla of evidence to prove defendant's claims against plaintiff.

IV.

## PLAINTIFF FOURTH CAUSE OF ACTION

The fourth cause of action is sought pursuant to Intentional and Fraudulent Misrepresentation. James Ryan III & Associates, LLC interjected itself and assigned James Ryan III and his staff attorneys on behalf of Interstate Realty Management Company with the approval of HANO and Treasure-Village Michaels Corporation, to file misrepresentations of the material facts in termination of plaintiff's lease agreement, made it with intent to deceive the judiciary, causing justifiable reliance of the claim with resulted in damages and harm to plaintiff.

V.

## PLAINTIFF FIFTH CAUSE OF ACTION

Plaintiff's fifth cause of action relies on the unconstitutional acts of defendants in violation of U.S. Constitution 1st, 4th and 14th Amendments.

Under the U.S. Constitution 1st permits citizens in pertinent part to seek judicial process for redress of grievances. Plaintiff civil liberty to access to court to litigate and adjudicate her grievances have been interfered and interrupted by unconstitutional conduct of government agency, private individuals, private entities and lawyers conduct and continuing misconduct in violation of federal and state law and professional code of conduct and ethics governing lawyers.

This common law of breach of contract, constitutional and civil rights violations, abuse of process, defamation of character inter alia are cognizable in federal court, but have been circumvented by commissions and omissions of defendants.

Under U.S. Constitution 4th Amendment provides for citizen to be secured in their person. Plaintiff show defendants James Ryan III & Associates, LLC and Interstate Realty Management Company, interjected itselves, with the approval of HANO and Treasure-Village Michaels. Plaintiff and her family composition names were appropriated by defendants for criminal activities without a single trace of evidence of any violation under Louisiana or United States laws which caused humiliation to a community well known respected leader and advocate for residents.

Prior to false dissemination of criminal information, plaintiff resided in her community for over 50 years without a single violation or complaint filed against her. The illicit scandalous sinister fabrication and filing of the defendant parties created unnecessary and undue embarrassment and damage to the reputation of plaintiff without any attempt by defendants to recant. Defendants alleged plaintiff, permitted manufacturing, possession and distribution of drugs from her unit without a single piece of documentation evidencing this malicious charge accompanied with guns unclassified as legal or illegal weapons. No guns or drugs was ever seized from the unit as claimed by defendants.

The false circulation was commenced by the acts of James Ryan III and his staff attorneys identified in this complaint.

Pursuant to U.S. Constitution 14th Amendment, because of deprivation and denial of her property interest, liberty and due process right protections. Plaintiff's residential status change from public housing to private resident aggrieved her of her protected property interest in her unit prior to and transitional into the estates. In addition, money deposited in the state registry as a security bond was stolen by James Ryan III and his staff attorneys on behalf of Interstate

Realty Management Company. Benefits and services in regards to the $3,000,000.00 compromise and settlement agreement designated to ensure self-sufficiency were deprived and denied by defendants HANO, James Ryan III and staff attorneys and Interstate Realty Management Company.

Plaintiff has a right to be left alone without the fishery expedition and invasion of her privacy being placed falsely in public light and her community by defendants without due process.

Plaintiff was falsely accused of possession of drugs and guns in her unit without a search or seizure of any substances or weapons or any arrest for said criminal activities of any of her family composition or relatives on December 5, 2010. On the other hands, Kevin Oufnac and HANO aided and abetted Interstate Realty Management Company and James Ryan III & Associates in institution of criminal activities against plaintiff by falsifying and misrepresenting material facts involving the incident of December 5, 2010.

Interstate Realty Management Company and HANO without production of evidence in support of the alleged criminal activities and provided to plaintiff or allowance to confront her accusers falsely concluded lease violations without a grievance process mandate by HUD regulations.

Title 42 U.S.C. § 1437f, provides for tenants to select their own method of payment and status without discretionary authority of HANO. The arbitrary and capricious method of selection by HANO vested in Interstate Realty Management Company contravene federal law.

Previous attempts to litigate and adjudicate claims against defendants were interrupted and interfered with by the corrupt, deceptive practices, falsification of evidence, concealment of pertinent documentation, perjury by HANO, Interstate Realty Management Company, James Ryan III & Associates, LLC, James Ryan III and staff attorneys, Treasure-Village Michaels Corporation, Kevin Oufnac, Calisha Jolla, First City Security, Inc., Kevin Johnson and Robin Maxfield.

VI.

PLAINTIFF SIXTH CAUSE OF ACTION

Pursuant to 42 U.S.C. § 1983, plaintiff was deprived and denied of her property and liberty by government entity, private entities, private individuals and legal representatives operating under color of law.

Defendants concocted a scheme that plaintiff possessed drugs and guns in her unit, but was unable to prove the criminal allegation. Therefore, an eviction procedure was instituted on the grounds of unauthorized persons living in her unit engaged in gang related drug activities by plaintiff grandsons. Plaintiff was never notified of such a charge, and the actual notice of lease infraction and vacate for termination of her lease is contradictory to eviction proceedings. Defendants failed to adhere to constitutional procedures prior to instituting action against plaintiff.

Pursuant to 42 U.S.C. § 1985(2), defendants obstructed justice by calling witnesses, who had no personal knowledge of the action brought against her, and encouraged them to testify

falsely in state court eviction proceedings which constitute perjury. Plaintiff urges the court to take judicial notice of trial transcript submitted as evidence as proof of plaintiff's claims.

Pursuant to 42 U.S.C. § 1985(3), plaintiff represents that defendants acted and conspired against her because of her race, disability and retaliated because of exercising her rights to benefits and rights regarding Hope VI revitalization of former Desire. HANO as a government agency hired white developers and white managerial agents to operate public housing assistance units in accordance with HUD requirements, but failed to apply required standards in the process relative to plaintiff.

Plaintiff resided in former Desire and current estates for over 50 years without a single complaint prior to character defamation of occupying her housing unit as a drug distribution outlet with weapons in violation of controlled substance act without a scintilla of evidence.

VII.

PLAINTIFF SEVENTH CAUSE OF ACTION

The wrongful eviction ensues from the fact that, Interstate Realty Management Company with the approval and authorization of HANO and Treasure-Village Michaels Group sanctioned termination of the lease agreement for violating 21 U.S.C. § 802, then filed eviction proceeding alleging "One Strike" policy violation for unauthorized persons living in the unit.

Defendants alleged there was drugs and guns in the unit, and they should be made to prove the criminal charges against plaintiff. The New Orleans Police Department listed Leroy Price as a victim of a stalking crime, and sent him to the hospital in an ambulance. The interviewed O'neal Price as a witness. James Ryan III & Associates, LLC and James Ryan III

and staff attorney concocted a scheme and fabricated evidence that plaintiff's grandchildren committed the crimes on the premises. There was no right or cause to terminate plaintiff's lease.

Under 42 U.S.C. § 1437f (20), termination of public assistance is unauthorized for victims of a domestic, dating or stalking crime.  Defendants contravention of the federal statute was intentionally and purposely violated.

## VIII.

## PLAINTIFF'S EIGHT CAUSE OF ACTION

Defendant, Interstate Realty Management Company sanctioned by HANO, commissions and omissions were retaliatory and harassment because plaintiff and her family members endeavored to exercise their rights under the contract and compromise agreement for implementation of Hope VI. HANO, prior to adverse action of Interstate Realty Management Company, attempted to evict plaintiff for exercising her rights under the Hope VI program in 2004. The illicit actions against plaintiff in continuing, and without court intervention will continue.

## IX.

## PLAINTIFF'S NINTH CLAIM

Plaintiff invokes the Doctrine of Equitable Estoppel to preclude any argument raised by any defendant as the complaint is amendable, and defendants should be precluded from any assertion of theory of Prescription, Rooker-Feldman, Issue Preclusion or Res Judicata masquerading as an affirmative defense.

X.

## PLAINTIFF TENTH CAUSE OF ACTION

Pursuant to doctrine of contra non valentem invocation is asserted because government entities, private entities and private individuals and their legal counsel have concealed or failed to disclose documentation in their possession, custody and control that prove or contravene their positions.

XI.

## PLAINTIFF'S ELEVENTH CAUSE OF ACTION

Due to interjection of themselves in the Administration, Implementation and Operation of public housing units and programs at the Estates f/k/a Desire development, all defendant parties are properly joined.

XII.

## PLAINTIFF'S TWELFTH CAUSE OF ACTION

Pursuant to 28 U.S.C. § 1367, upon establishment of jurisdiction of federal court, plaintiff will prosecute her state law claims against all defendant parties.

V.

## DEMAND FOR TRIAL BY JURY

In accordance with U.S. Constitution 7th Amendment, plaintiff demand trial by jury for all issues so triable.

## VI.

## PRAYER FOR RELIEF

1.  The court recognizes its jurisdiction over this action.

2.  All criminal acts are reported to the proper authority for prosecution.

3.  That all attorneys, who engaged in these civil and criminal activities in violation of plaintiff's constitutional, federal and state statutory rights are reported to the Louisiana disciplinary Council for their ethical violation of the Professional Code of Conduct and Ethics.

4.  The court imposes sanction on the attorneys liable for the protracting these proceedings by fraud.

5.  The court schedule an expedited evidentiary hearing of the claims asserted in the complaint.

6.  Grant expedited discovery pursuant to FRCP Rule 26 to develop the facts of this action.

7.  Adjudicate defendants in violation of claims asserted in the nature of this action.

8.  Award plaintiff compensatory damages.

9.  Award plaintiff punitive damages

10. Award all cost and expenses incurred in litigation of this lawsuit.

11. Award plaintiff attorney fees.

12. Award all general and equitable relief proper in the premise of this case.

13. A jury is authorized for trial of all issues so triable.

14. Issue Judgment against all defendant parties establishing liability jointly and severally.

**WHEREFORE,** plaintiff prays this Honorable Court issues summon and complaint on defendant parties, and they are made to appear and answer same. Plaintiff further prays that, after all legal delays and due proceedings, judgment is rendered in her favor and against defendants for all general and equitable relief including but not limited to court cost, attorney fees, out of pocket expenses, penalty and interest from the judicial date of demand until paid in full.

Respectfully Submitted

By: _____

Ora Price / In Proper Person
2439 Mithra Street
New Orleans, Louisiana 70122
(504) 236-2299

**PLEASE SERVE:**

United States Government
Civil Process Clerk


United States Department of Housing and Urban Development
Civil Process Clerk

Housing Authority of New Orleans
Legal Department
4100 Touro Street
New Orleans, Louisiana 70122

Treasure-Village Michaels Group, Inc.
National Registered Agents, Inc.
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

Interstate Realty Management Company
National Registered Agents, Inc.
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

First Choice Security
7809 Airline Drive

Suite # 204
Metairie, Louisiana 70003


Or 4833 Rosalia Drive
New Orleans, Louisiana 70127

James Ryan III & Associates, LLC
201 St. Charles Avenue
Suite 2420
New Orleans, Louisiana 70170

James Ryan III
201 St. Charles Avenue
Suite 2420
New Orleans, Louisiana 70170

Timothy T. Roniger
201 St. Charles Avenue
Suite 2420
New Orleans, Louisiana 70170

Jeffrey A. Clayman
Phelps Dunbar
365 Canal Street
Suite 2000
New Orleans, Louisiana 70130