**UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA**

ORA PRICE                                                    CIVIL ACTION

VERSUS                                                       NO. 16-17910

UNITED STATES GOVERNMENT, ET AL.                             SECTION "B"(2)

                              **OPINION**

Before the Court is "Plaintiff's Ex Parte Motion for Vacation/Set Aside Judgment Due to Judicial Conduct/Prevent Manifest Injustice." Rec. Doc. 35. Plaintiff Ora Price and various members of her family have been involved in several suits in this Court during the past six years. A brief review of those cases will provide the appropriate context.[1]

---

[1] In the body of this Order and Reasons, the Court will discuss only those cases that are related to the instant action. However, it is also worth noting that Plaintiff Ora Price's son, Stanley, who was not a plaintiff or a prospective plaintiff in the instant action pursuant to either the complaint or the motion for leave to file an amended complaint, but who signed the instant motion for reconsideration, has also been involved as a plaintiff in numerous suits filed in this Court: *Stanley Price v. New Orleans City, et al.*, CV-98-1423, Section "I" (dismissed pursuant to a settlement agreement, Rec. Docs. 52-54); *Stanley Price v. Housing Auth of NO, et al.*, CV-01-3016, Section "K" (dismissed with prejudice after granting the defendant's motion for summary judgment, Rec. Docs. 72-73); *Stanley Price v. Housing Authority of New Orleans, et al.*, CV-07-9741, Section "S" (related to CV-01-3156 and dismissed after granting defendants' motions for summary judgment and to dismiss for failure to state a claim, Rec. Docs. 61-62); *Stanley Price v. Mary Ann Vial Lemmon, et al.*, CV-09-7563, Section "I"(3) (also related to CV-01-3156 and dismissed on the basis of judicial immunity and for failure to timely serve under Federal Rule of Civil Procedure 12(b)(5), Rec. Docs. 13, 25); *Stanley Price v. Rose Ledet, et al.*, CV-10-411, Section "F" (dismissed with prejudice after adopting the Magistrate Judge's Report and Recommendation to dismiss claims against Judge Ledet on the basis of judicial immunity and granting the remaining defendants' motions to dismiss for failure to state a claim, Rec. Docs. 31-32); *Christy S. Morgan, et al. v. Regional Loan Corporation, et al.*, CV-10-1436, Section "F"(2) (dismissed because plaintiffs lacked standing, Rec. Doc. 28); and *Stanley Price v. BP Exploration & Production, Inc., et al.*, CV-11-943, Section "J"(2) (consolidated with CV-10-2179 and other cases arising from the Deepwater Horizon oil spill and currently pending in this Court).

## I. HISTORY IN THIS COURT

### A. CIVIL ACTION 01-3156, CONSOLIDATED WITH 01-3180, 03-1145

*Desire Area Resident, et al. v. Housing Auth of NO, et al.*, CV-01-3156, Section "S," was a class action suit filed by members of the Desire Housing Development; both Ora Price and her son, Stanley, were listed as Plaintiffs. The original petition and amended complaint alleged that the Housing Authority of New Orleans ("HANO") failed to comply with United States Department of Housing and Urban Development ("HUD") regulations and the requirements of federal HOPE VI grant guidelines. Rec. Doc. 99 at 2. A settlement agreement, ultimately approved by the Court, committed HANO to funding programs and activities for Desire residents at a minimum of three million dollars. *Id.* at 8. Stanley Price appealed the dismissal of his claims under Federal Rule of 12(b)(6) (Rec. Doc. 100), but the Fifth Circuit granted the Defendants' motion to dismiss the appeal and affirmed the district court's dismissal of Stanley Price's claims (Rec. Docs. 103-04).

### B. CIVIL ACTION 11-114

In *Ora Price, et al. v. Michaels Group, LLC, et al.*, CV-11-114, Section "J"(2), Ora, Leonard, and Darryl Price asserted claims against Michaels Group, LLC, Michaels Development Company (collectively "Michael's"), Interstate Management Company ("IMC," incorrectly named as Interstate Realty Management), Calisha Jolla ("Jolla"), and Connie Abdul ("Abdul"). Defendants IMC, Jolla, and

Abdul were represented by James Ryan, III ("Ryan") of James Ryan III & Associates, LLC ("Ryan & Associates"), Jeffrey A. Clayman ("Clayman"), and Timothy Roniger ("Roniger"). Plaintiffs essentially claimed that they were defamed and were being threatened with wrongful eviction. Rec. Doc. 1. Thereafter, Plaintiffs sought a declaratory judgment, preliminary and permanent injunctions, and a temporary restraining order. Rec. Doc. 9. On March 10, 2011, Judge Carl Barbier denied the motion after a conference in which it was discovered that Plaintiffs allegedly violated their lease, but no eviction proceedings were currently set; the court further noted that when eviction proceedings were set, "Plaintiffs will have another opportunity to contest those proceedings in state court." Rec. Doc. 19.

Defendants IMC, Jolla, and Abdul filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Rec. Doc. 24. After a hearing, with a ruling in open court, Judge Barbier granted the motion to dismiss and entered judgment in favor of all of the Defendants and against Plaintiffs. Rec. Docs. 36-37. Plaintiffs appealed. Rec. Doc. 38. On February 23, 2012, the Fifth Circuit affirmed finding that "[a]lthough they allege in general terms that appellees have violated federal law and their constitutional rights, they do not present any facts that would support these claims" and "if and when eviction proceedings actually come to pass in this case, the appellants will have the

3

'opportunity to contest those proceedings in state court.'" Rec. Doc. 44 at 3-4.

**C. CIVIL ACTION 12-992**

Less than two months after the Fifth Circuit's judgment, Ora, Leonard, and Darryl Price filed *Ora Price, et al. v. Housing Authority of New Orleans, et al.*, CV-12-992, Section "B"(2). They asserted claims against HANO, Michael's, IMC, Treasure Village Associates, LP ("Treasure Village"), Jolla, Ryan, Clayman, Roniger, Ryan & Associates, Rhonda Brown, First Choice Security, Kevin Johnson, Joseph C. Hensley, Robin Maxfield, and Judge Veronica Henry ("Judge Henry"). Essentially, they sued the defendants from the earlier suit, those defendants' lawyers, HANO, and the state court judge presiding over their eviction proceedings. They again moved for a temporary restraining order and preliminary injunction. Rec. Docs. 8, 10. This Court denied the motion, noting the "longstanding precedent against federal court interference with the state court system where that system affords available relief on asserted claims and there is a pending writ in the state appellate system to obtain such relief" and that federal district courts "cannot sit as appellate courts in review of state court judgments." Rec. Doc. 11 at 1-2 (citing *Matter of Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996)) (quoting *De Spain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984); *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000)). Plaintiffs filed motions for

4

entry of default against Defendants Hensley, Johnson, First Choice Security, Maxfield, Jolla, IMC, Michael's, Treasure Village, and Brown. Rec. Docs. 38-40, 48-53. These motions were either dismissed as moot or denied. Rec. Docs. 65-68. Defendants Ryan, Ryan & Associates, Judge Henry, HANO, IMC, Michael's, Treasure Village, Brown, Maxfield, Roniger, Jolla, and Clayman filed motions to dismiss under Rules 12(b)(1) and (6). Rec. Docs. 12, 31-32, 41, 54, 76.

The Court first granted the motion to dismiss filed by Ryan and Ryan & Associates, finding that there was "nothing in the record to show that Defendants, as retained counsel for a private entity, acted under color of law with public actors," "Plaintiffs have cited no federal law that would allow them, third parties, a cause of action against Defendants, as the retained counsel for [IMC] in filing the Rule to Evict," that "[e]ven liberally construed, it is difficult to ascertain any possible federal claim against Defendants that would not facially flow from state law," and ultimately that "Plaintiffs have failed to meet their burden in showing that federal subject matter jurisdiction exists for this Court." Rec. Doc. 44 at 5-6.

The Court then granted the motion to dismiss filed by Judge Henry. Rec. Doc. 58. We found that there was "nothing in the record to show that Defendant's conduct was improper or outside of her judicial role in issuing a ruling in an eviction proceeding," that

"[e]ven if Plaintiffs were able to state a claim against Defendant, a judge acting within her judicial capacity is immune from suit for actions performed within that judicial capacity," "[t]o the extent that any of these claims have already been raised and litigated in state court, they may be considered barred under *res judicata*," and "the *Rooker-Feldman* doctrine does not allow for district courts to entertain collateral attacks on state court judgments, which is precisely what Plaintiffs urge in this case." *Id.* at 8-10.

The Court then granted the motion to dismiss filed by HANO, finding that Plaintiffs merely alleged that HANO revoked their Section 8 voucher, not that it was involved in the eviction. Rec. Doc. 60 at 7-8. Under the law, HANO must revoke such a voucher when a family is evicted for a serious violation of the lease. *Id.* at 8 (citing 24 C.F.R. § 982.552(b)(2)). "Given the state court findings in the eviction proceeding that Plaintiffs were in violation of several of these obligations, there does not appear to be anything improper about Defendant's action in revoking Plaintiffs' Section 8 voucher." *Id.* at 8-9. This Court again noted that "the *Rooker-Feldman* doctrine does not allow for district courts to entertain collateral attacks on state court judgments, which is precisely what Plaintiffs urge in this case." *Id.* at 9 (citations omitted).

Plaintiffs sought to disqualify the undersigned Judge (Rec. Doc. 69), but this motion was dismissed as frivolous (Rec. Doc. 74). Plus, the Fifth Circuit denied Plaintiffs' petition for a writ of mandamus/recusal because they "failed to show the exceptional circumstances necessary to invoke the writ of mandamus." Rec. Doc. 84 at 2.

Thereafter, this Court granted the motions to dismiss filed by IMC, Michael's, Treasure Village, Brown, Maxfield, and Roniger (Rec. Doc. 63), by Jolla (Rec. Doc. 73), and by Clayman (Rec. Doc. 86) for the same reasons stated in the previous orders (*see* Rec. Docs. 44, 58, and 60). Accordingly, the case was dismissed without prejudice. Rec. Doc. 87.

More than a year later, Plaintiffs hired counsel (Rec. Doc. 91) who moved to reopen the case (Rec. Doc. 90). In denying the motion to reopen, this Court noted that twelve of the original sixteen Defendants were dismissed for lack of subject matter jurisdiction, "Plaintiffs repeatedly failed to comply with this Court's orders regarding their attempts at garnering default judgments against the four remaining Defendants," the motion to reopen "fail[ed] to follow this Court's rules for citation of authorities, and, as a result, it has proven a significant waste of this Court's time and resources;" plus, the motion was untimely under Federal Rule of Civil Procedure 60(b)(1). Rec. Doc. 92 at 1-3.

Plaintiffs appealed. Rec. Doc. 96. The Fifth Circuit found that it lacked jurisdiction to review the underlying dismissal and that the arguments made in the Rule 60(b)(1) motion should have been raised in an appeal. Rec. Doc. 104 at 4-5 (citations omitted). Accordingly, the Fifth Circuit dismissed the appeal from the dismissal order for lack of jurisdiction and affirmed the order denying the Rule 60(b)(1) motion. *Id.* at 6.

### D. CIVIL ACTION 12-2021

In *Ora Price v. James A. Ryan III & Association LLC, et al.*, CV-12-2021, Section "B"(2), Ora Price again asserted claims against Ryan, Ryan & Associates, Judge Henry, and IMC. Judge Henry filed a motion to dismiss. Rec. Doc. 11. Instead of acting on that motion, the Court ordered Plaintiff to show cause why the action should not be dismissed as duplicative and harassing in light of CV-12-992. Rec. Doc. 19. Plaintiff responded to the Order, but merely recited the facts alleged in her earlier pleadings. Rec. Doc. 24. Consequently, the case was dismissed with prejudice. Rec. Doc. 25.

### E. CURRENT CIVIL ACTION 16-17910

On December 30, 2016, Plaintiff Ora Price filed a complaint asserting claims for breach of the "Memorandum of Understanding" arising from CV-01-3156 and claims arising from the eviction proceedings. Rec. Doc. 1. As Defendants, she named the United States Government, HUD, HANO, Kevin Oufnac (general counsel for

8

HANO), the Desire Area Resident Council ("DARC"), Kathleen Matthew (in her capacity as president of the DARC), Bonnie Rogers (in her capacity as the former president and a current member of DARC), Treasure Village, Michael's, IMC, First Choice Security, Inc., Judge Henry, Ryan & Associates, Ryan, Roniger, and Clayman.

Thereafter, Plaintiff moved to supplement the complaint to add Leonard and Darryl Price as Plaintiffs. Rec. Doc. 7.

On April 5, 2017, Defendants Clayman, IMC, Ryan & Associates, Roniger, Ryan, and Judge Henry filed motions to dismiss. Rec. Docs. 18-19.

At that time, Chief Judge Kurt D. Engelhardt transferred the case to this section. Rec. Doc. 23. Thereafter, Defendant Clayman moved to join the pending motions to dismiss (Rec. Doc. 25), HANO and Kevin Oufnac filed a motion to dismiss (Rec. Doc. 27), and HANO filed a motion for pre-filing rule (Rec. Doc. 28).

Given the Price family's extensive history in this Court, and to save time and judicial resources, the Court did not act on any of these pending motions. Instead, we ordered Plaintiff to show cause why her case should not be dismissed as duplicative, harassing, barred by collateral estoppel, and for lack of subject matter jurisdiction. Rec. Doc. 30. She was explicitly warned that failure to timely comply could lead to dismissal without further notice pursuant to Federal Rule of Civil Procedure 41(b). *Id*. at 2.

In response, Plaintiff filed an "Exparte [sic] Motion for Stay of All Proceedings Pending Writ of Recusation Mandamus for Reassignment of Case to Fifth Circuit Court of Appeals," in which Plaintiff requested that this Court stay the proceedings pending the filing of a writ of recusal or, <u>alternatively</u>, "to act with dignity because of [the Court's] bias to recuse himself without further proceedings of filing a writ of recusation and mandamus." Rec. Doc. 31 at 1-2 (emphasis added). Based on the memorandum attached the motion, it was clear that Plaintiff had not filed any writs with the Fifth Circuit. Rec. Doc. 31-1 at 3 ("A brief containing specificity of their concerns will be filed in the United States Court of Appeals for the Fifth Circuit for judicial determination of recusal, mandamus and reassignment of the case"). Plaintiff also filed a motion for an extension of time within which to respond to the show cause order. Rec. Doc. 32. This Court denied that motion. Rec. Doc. 33.

Consequently, on May 12, 2017, this Court dismissed the case with prejudice under Federal Rule of Civil Procedure 41(b) and for the reasons described in the Court's earlier orders (Rec. Docs. 30, 33), "[b]ecause it appear[ed] that this Court lacks subject matter jurisdiction, the instant action is duplicative, and Plaintiff failed to timely comply with this Court's show cause order . . . ." Rec. Doc. 34.

## II. THE INSTANT MOTION FOR RECONSIDERATION

"The Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration." *Jenkins v. Bristol-Myers Squibb*, No. 14-2499, 2016 WL 5874984, at *5 (E.D. La. Oct. 7, 2016) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997)). Nonetheless, "[a] motion asking that the court reconsider a prior ruling is evaluated either as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) or as a motion for relief from a final judgment, order[,] or proceeding under Federal Rule of Civil Procedure 60(b)." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. 07-1873, 2011 WL 6130788, at *3 (E.D. La. Dec. 7, 2011) (internal quotation marks omitted). The determination of which rule applies turns on the timing of the motion. *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). "If the motion was filed within twenty-eight days after the entry of the judgment or order at issue, the motion can be brought under Rule 59(e). If it is filed after that time, it falls under Rule 60(b)." *In re FEMA*, 2011 WL 6130788, at *3 (internal citations omitted).

Here, the Court's Order dismissing the case was entered on May 12, 2017. Rec. Doc. 34. The instant motion for reconsideration was filed with the Court on June 12, 2017. Rec. Doc. 35. Therefore, the motion will be considered under Rule 60.

Rule 60(b) provides that a court, "[o]n motion and just terms," may relieve a party "from a final judgment, order, or proceeding" due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981)).

In the instant motion, Stanley, Leonard, and Darryl Price argue in a conclusory fashion that the dismissal should be set aside because it (1) was the result of impermissible forum shopping; (2) violated "due process under the 5th and 7th Amendments"; (3) violated Federal Rules of Civil Procedure 8, 15, and 38 and the rights to amend the complaint and trial of all issues triable by a jury; and (4) assigned credibility to dispositive motions filed by Defendants. Rec. Doc. 35.

First, the Price's argue that this case is related to CV-11-114, not CV-12-992, and therefore should have been transferred to Judge Barbier. Rec. Doc. 35 at 7. The Price family is correct that, pursuant to Local Rule 3.1.1, "[t]o promote judicial economy, conserve judicial resources, and avoid potential forum shopping and conflicting court rulings, [collateral proceedings and refiled cases] must be transferred to the section with the lowest docket number . . . ." However, the instant action is more closely related to CV-12-992, not CV-11-114, because the latter did not involve claims against the lawyers representing the defendants in the lower-numbered action, the state court judge presiding over the eviction proceeding, or HANO. This Section previously considered those claims, not Section "J." Therefore, this argument is without merit.

Second, there is no evidence that this Court violated due process. Plaintiff Ora Price previously pursued these exact claims in three other actions and those claims were dismissed each time.[2]

---

[2] The only claim that could be considered "new" is the claim for breach of the "Memorandum of Understanding" in CV-01-3156. First, it is unclear whether or not Plaintiff Ora Price was claiming breach of the settlement agreement disposing of that action (found at Rec. Doc. 99 in that case) or a separate 1996 document titled "Memorandum of Understanding" and repeatedly referred to in that case (*see id.* at 5, 8). In either case, it is not clear that this Court would have subject matter jurisdiction. A breach of either document is subject to state contract law and therefore should generally be raised in state court, especially where the Memorandum of Understanding did not arise out of any matter before the district court and this Court did not retain jurisdiction when it approved of the settlement agreement in CV-01-3156. *See Premiere Network Servs., Inc. v. SBC Commc'ns, Inc.*, 440 F.3d 683, 692 (5th Cir. 2006) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). At this stage, the breach of contract claim also poses a standing problem. Ora and Stanley Price were named as plaintiffs in CV-01-3156. Ora Price has passed away and she never

Nevertheless, this Court provided an opportunity for Plaintiff to show why her claims should not be dismissed and explicitly warned her that failure to comply with that show cause order could lead to dismissal.

Third, while it is true that Plaintiff moved to amend her complaint to add Leonard and Darryl Price as Plaintiffs (for no stated reason, *see* Rec. Doc. 7 at 1-2) and that this Court did not act on that motion before dismissing the case, the granting of that motion would have had no effect on the ultimate dismissal. When the Court denied the motion for an extension of time within which to file a response to the show cause order, the Court noted in a footnote that Plaintiff Ora Price had passed away and that her passing "raise[d] serious questions about who is filing and signing documents on her behalf, including the authority for doing so, if any." Rec. Doc. 33 at n.1. However, the Court did not deny the motion for an extension because Plaintiff had passed away. Instead, the Court denied the motion because the point of the show cause order was "[t]o save time, money, and judicial resources" where "Plaintiff ha[d] a long history in this Court, having filed numerous, related lawsuits over the course of several years," "most

---

requested leave to add Stanley Price as a plaintiff in this action. Even if she had, Stanley Price objected to the settlement in CV-01-3156 (*see* Rec. Doc. 99 at 5, 12) and those who objected or "opted out of the settlement have no standing to object to it" (*id.* at 12). If the breach of contract claim was raised not as a claim for breach of the settlement agreement, but for breach of the Memorandum of Understanding, there remains a standing problem, because the Memorandum was signed in 1996 by Bonnie Peters, not Ora or Stanley Price. *See id.* at 5.

14

[of those cases] were dismissed for failure to comply with Court orders, lack of subject matter jurisdiction, or as duplicative," and Plaintiff failed to timely comply with the show cause order despite being warned that it could lead to dismissal. *Id.* at 1.[3] Indeed, when the Court considers the fact that the Price family was asked about this Court's subject matter jurisdiction over these claims five years ago in a related case, it should come as no surprise that the Court was unwilling to grant an extension of time. Similarly, the Court did not ultimately dismiss this case because Ora Price passed away. Rather, the case was dismissed pursuant to Rule 41(b) after Plaintiff failed to timely comply with the show cause order and because it appeared that this case was duplicative and that the Court lacked subject matter jurisdiction.

Further, even though Leonard and Darryl Price were not officially added as Plaintiffs, they were actively involved in the litigation, as evidenced by their signatures on the motion for an extension. Rec. Doc. 32 at 2. At any time, they could have filed a response to the show cause order, asserting their standing based on the pending motion to amend the complaint and the passing of the named Plaintiff. However, the motion for an extension merely

---

[3] It is worth noting that Plaintiff's motion for an extension, though timely filed on April 20, 2017 before a response to the show cause order was due on April 24, 2017, was not entered into the record until May 8, 2017. Rec. Doc. 32. This means that the Court waited an additional two weeks just to see if Plaintiff was going to respond.

indicates that they wanted "to exercise their U.S. Constitutional right to acquire an attorney," "justification exists to present their claims and right to access to court to vindicate their reputations," and that "[t]he Prices recognizes [sic] the ability of these prominent white attorneys and government agency to manipulate and obstruct justice through the use of the judiciary and judicial officials which tantamount to commission of criminal activities by dishonest and substandard lawyers." Rec. Doc. 32 at 1. At no time did anyone in the Price family address this Court's concerns about subject matter jurisdiction, res judicata, or collateral estoppel.

While the Court sincerely sympathizes with the loss suffered by Stanley, Leonard, and Darryl Price, this case was not dismissed because Ora Price passed away. The case was dismissed because it is duplicative, the Court lacks subject matter jurisdiction, and the Price family failed to show otherwise. The addition of Leonard and Darryl Price as Plaintiffs, even with counsel, would not have altered the outcome.

Finally, this Court did not depend upon the motions filed by Defendants when it dismissed this case. Therefore, the assertion that the Court made improper credibility determinations is meritless.

This Court has the power under Rule 41(b) to dismiss an action *sua sponte* if a plaintiff fails to comply with court orders.

*Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citations omitted). While "lesser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice . . . a Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice." *Id.* (citations, alterations, and quotation marks omitted).

This is the fourth action brought by the Price family against these and related defendants. In each action, the Price family failed to show federal subject matter jurisdiction over their claims and each action was consequently dismissed. Even in filing the instant motion for reconsideration, the Price family has failed to address this Court's subject matter jurisdiction concerns. *See Nottingham*, 837 F.3d at 443.

Furthermore, Plaintiff Ora Price was proceeding *in forma pauperis*. Rec. Doc. 3. Under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a case that is proceeding *in forma pauperis* at any time if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. This Court's review of the record and past cases suggests that the Price family's claims are frivolous, malicious, and fail to state a claim on which relief may be granted because they are barred by

17

res judicata, collateral estoppel, and/or for lack of subject matter jurisdiction (among other possible reasons not relied upon by the Court but raised by Defendants in their respective motions to dismiss). *See, e.g. Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (affirming the dismissal of claims under § 1915 as duplicative where the plaintiff's "complaint repeat[ed] the same factual allegations that he asserted in his earlier case, although he successively sued different defendants"); *Mason v. City of Dallas, Tex.*, No. 07-1757, 2008 WL 4137981, at *2-3 (N.D. Tex. Aug. 27, 2008) (discussing the rules of res judicata).

### III. CONCLUSION

Stanley, Leonard, and Darryl Price failed to establish a mistake, newly discovered evidence, fraud, a void judgment, a satisfied judgment, or any other reason that could justify relief under Rule 60. Parties cannot repeatedly file frivolous actions with impunity. It is a waste of judicial resources and time. Accordingly,

**IT IS ORDERED** that the motion for reconsideration (Rec. Doc. 35) is **DENIED**.

New Orleans, Louisiana, this 23rd day of June, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE